UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12166-GAO
CRIMINAL ACTION NO. 09-10165-GAO-1

REGINALD DENNIS,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

OPINION AND ORDER
November 19, 2012

O'TOOLE, D.J.

On June 30, 2009, pursuant to a written plea agreement that contained a joint sentencing recommendation in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C), Reginald Dennis pled guilty to a one-count information charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The Court conducted an extended colloquy with the defendant and determined that the plea was voluntary and informed and that there was a factual basis for the conviction. The Court accepted the plea and found the defendant guilty. A sentencing date was set.

On July 27, 2009, Dennis filed a pro se motion to withdraw his guilty plea, asserting in brief that his counsel had misinformed him and coerced him into accepting the plea agreement. His lawyer subsequently moved to withdraw as counsel, and after a hearing the motion was granted and new counsel appointed.

On December 22, 2009, Dennis reversed course and affirmed the original plea agreement. This Court imposed the sentence recommended by the parties in the plea agreement.[1] Now before the Court is Dennis' Motion to Vacate (dkt. no. 38)[2] the sentence, pursuant to 28 U.S.C. § 2255. The government opposes the motion and requests summary dismissal.

Dennis gives two reasons for vacating his sentence: 1) his attorney provided ineffective assistance of counsel by failing to challenge the imposition of the Armed Career Criminal enhancements, and thus, 2) his guilty plea was "unknowing and involuntary." (Def.'s § 2255 Mot. 5-6.)

In order to prove that his counsel provided ineffective assistance, Dennis must show that counsel's performance was deficient and that he was prejudiced thereby. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). The First Circuit has held that "a lawyer's performance is deficient under Strickland 'only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.'" Id. (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal citations omitted)). Because the first prong of the Strickland test is dispositive, failure to satisfy its requirements concludes the inquiry. Strickland, 466 U.S. at 697.

Dennis advances two arguments in support of his contention that his attorney's failure to challenge the imposition of the Armed Career Criminal enhancements is grounds for vacating his sentence. First, "the use of factors neither submitted to a jury for a finding beyond a reasonable doubt nor admitted by the defendant is unconstitutional." (Def.'s § 2255 Mot. 5.) As the

---

[1] 180 months committed, three years of supervised release, and a special assessment of $100.
[2] References to "dkt." reflect the criminal docket, 09-10165-GAO-1.

government indicates, Dennis' Apprendi argument is inconsistent with case law.[3] Second, Dennis avers that his attorney "failed to argue that 4 of the 5 prior convictions should have been considered related, as they were all sentenced within weeks of one another, all involved the sale of cocaine, all within several months of one another, and allinvolved [*sic*] a common scheme." (Id.) Dennis' second argument warrants a closer review than his first but is similarly unpersuasive.

The imposition of the Armed Career Criminal enhancements was based on four predicate "serious drug offense[s]," pursuant to 18 U.S.C. § 924(e)(2)(A)(ii).[4] The first predicate offense was a March 5, 1997, conviction[5] for possession with intent to distribute a Class B controlled substance, to wit cocaine. Pursuant to Massachusetts General Laws, Chapter 94C, section 32A, the maximum sentence is ten years in state prison. This predicate offense indisputably qualifies for the purposes of the Armed Career Criminal enhancements. The second predicate offense was a March 20, 1997, conviction[6] for manufacturing/distributing/dispensing a Class B controlled substance, to wit cocaine. Pursuant to Massachusetts General Laws, Chapter 94C, section 32A, the maximum sentence is ten years in state prison. This predicate offense similarly qualifies for the purposes of the Armed Career Criminal enhancements. The third predicate offense was a

---

[3] "We have ruled with a regularity bordering on the monotonous that, given the explicit exception and the force of Almendarez-Torres[, 523 U.S. 224 (1998)], the rationale of Apprendi [530 U.S. 466 (2000)] does not apply to sentence-enhancement provisions based upon prior criminal convictions. . . ." United States v. Moore, 286 F.3d 47, 51 (1st Cir. 2002).

[4] "[A]n offense under State law, involving manufacturing, distributing, or possessing with the intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

[5] Entry 39 in the Presentence Report indicates that this conviction stemmed from Dennis' conduct on April 21, 1994, within 1,000 feet of Boston High School. (Gov.'s Mem. Opp. Def.'s § 2255 Mot. Ex. 1 at 7 (dkt. no. 41-1).)

[6] Entry 40 in the Presentence Report indicates that this conviction stemmed from Dennis' conduct on October 7, 1994. (Gov.'s Mem. Opp. Def.'s § 2255 Mot. Ex. 1 at 8-9.) The Presentence Report treats entries 40 and 41 as a single offense, given that there was no intervening arrest. (Id.)

March 20, 1997, conviction[7] for possession with intent to distribute/manufacture a Class B controlled substance, namely crack cocaine. Pursuant to Massachusetts General Laws, Chapter 94C, section 32A, the maximum sentence is ten years in state prison. This predicate offense qualifies for the purposes of the Armed Career Criminal enhancements. Finally, the fourth predicate offense was based on an October 29, 1998, conviction[8] for trafficking in a controlled substance, 14-27 grams of cocaine. Pursuant to Massachusetts General Laws, Chapter 94C, section 32E(b)(1), the maximum sentence is fifteen years. This predicate offense qualifies for the purposes of the Armed Career Criminal enhancement.

Dennis' argument that certain of his predicate offenses should have been considered as a single sentence finds no support in the record, which reveals that the predicate offenses occurred on different dates, separated by intervening arrests.[9] They were properly counted separately. See U.S.S.G. § 4A1.2(a)(2). Because Dennis' argument rests on a misinterpretation of the calculus behind the Armed Career Criminal enhancement, the Court is unmoved by his claim that his attorney provided ineffective assistance of counsel amounting to a violation of his Sixth Amendment rights by failing to advance this misinterpretation.

In his motion to amend his § 2255 motion, Dennis also argues that the fact that some of his convictions stem from the Massachusetts District Court, which cannot impose a sentence greater than two and one-half years in the House of Corrections,[10] means that the relevant maximum penalty was two and one-half years – well below the requisite ten years for Armed

---

[7] Entry 42 in the Presentence Report indicates that this conviction stemmed from Dennis' conduct on February 5, 1995. (Gov.'s Mem. Opp. Def.'s § 2255 Mot. Ex. 1 at 10.)

[8] Entry 49 in the Presentence Report indicates that this conviction stemmed from Dennis' conduct on January 3, 1998. (Gov.'s Mem. Opp. Def.'s § 2255 Mot. Ex. 1 at 15.)

[9] The only exception being entries 40 and 41 in the Presentence Report (Gov.'s Mem. Opp. Def.'s § 2255 Mot. Ex. 1 at 8-9), which were treated as a single offense because the conduct occurred on the same date, and there was no intervening arrest.

[10] See Mass. Gen. Laws ch. 218, § 27, and ch. 279, § 23.

Career Criminal purposes. This argument has been rejected by the First Circuit. <u>See</u> <u>United States v. Weekes</u>, 611 F.3d 68, 72 (1st Cir. 2010).

Dennis' second ground for vacating his sentence – that it was involuntary – is contradicted by the record. At the sentencing hearing, this Court stated that Dennis' pro se motion to withdraw his guilty plea was meritless because the guilty plea was entered after a long colloquy at which it was evident Dennis knew exactly what he was doing, and he was represented by counsel.[11] Following that assessment of Dennis' pro se motion, this Court inquired directly of Dennis regarding his choice to now affirm the original plea agreement.[12] Thus, any claim that his entering a guilty plea was unknowing and involuntary is contradicted by two instances in which Dennis knowingly and voluntarily entered a guilty plea in open court pursuant to the plea agreement.

For the reasons set forth herein, Dennis' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 38) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[11] At the sentencing hearing, Dennis was informed by this Court that his "motion to withdraw the plea was meritless, just so there's no question about that. There was a very thorough colloquy at which Mr. Dennis . . . understood exactly what he was doing, that he had had the advice of counsel that he was satisfied with and it was his choice." (Sentencing Tr. 3-4 (dkt. no. 36).)

[12] This Court asked: "Is it true that you intend to affirm your agreement with the government as represented in the binding plea agreement?" to which Dennis responded: "Yes, sir." Dennis then confirmed that his decision was made after discussions with his CJA counsel. (Sentencing Tr. 4.)